## DUTY OF COURT WHEN INCOMPETENCY IS SHOWN IN MAKING A DEFENSE.

Court of Appeals for Darke County.

J. E. STEPHENSON v. THE STATE OF OHIO.

Decided, January, 1915.

*Criminal Law—Guaranty of a Fair Trial Not Fulfilled—When Incompetence is Shown in Conducting the Defense.*

Where a defendant in a criminal case states that he does not desire counsel, and attempts to conduct the defense himself, and it becomes evident that he is mentally incapable of so doing, or understanding the nature of the defense, it becomes the duty of the court to stop the trial and appoint counsel to defend; and where this was not done, and the trial resulted in the conviction and sentence of the defendant, a reviewing court will reverse the judgment on the ground that virtually there was no trial.

*D. E. Mote* and *Robert T. Mattingly,* for plaintiff in error.
*L. E. Kerlin* and *J. H. Porter,* Prosecuting Attorneys, contra.

SWING, P. J.; JONES (E. H.), J., concurs; JONES (Oliver B.), J., dissents.

This case is here on error to the judgment of the Court of Common Pleas of Darke County, and by consent of parties it was heard by the Court of Appeals of the First District of Ohio. The case was submitted and argued on briefs, but the court after considering the briefs and the record requested oral argument, which was had.

On the 16th of September, 1914, plaintiff in error was convicted upon a charge of embezzlement, and was sentenced to the penitentiary for a term of two years.

This case is *sui generis*. It was tried by the prosecuting attorney of Darke county representing the state, and the defendant representing himself. Before the trial defendant asked the court to appoint counsel to defend him, and the court thereupon selected one Theodore Shockney, a member of the bar of said county. When the case came on for trial said attorney refused to act as counsel, and the record shows that the defendant not asking or desiring counsel, the case proceeded to trial, the defendant representing himself.

We think that the record shows that there was really no trial, so far as the defendant was concerned. It is quite evident that at the time of the trial the defendant was mentally incapable of comprehending the nature of his defense, and we think this fact must have been apparent to the court at the time. While defendant seems to have thought he was making a defense still it was really no defense, and, realizing this fact, we think the judge should have stopped the trial of the case and appointed some counsel to defend, so that the trial might have been properly carried on. We think that the law contemplates that a defendant should have a fair trial. The record in this case virtually shows that there was no trial, so far as the defense was concerned. Upon this broad ground we think the judgment should be reversed and a new trial granted.